UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24636-CIV-MORENO

MARY JANE BECK,

      Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS I, II, AND III OF THE COMPLAINT

### I. Background

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss Counts I, II, and III of the Complaint **(D.E. 6)**, filed on **January 25, 2024.** On December 8, 2023, Plaintiff Mary Jane Beck filed her Complaint. She is a resident of Pleasant Hill, Cass County, Missouri. [D.E. 1] ¶ 2. She was a passenger on board the cruise ship known as the M/V *Carnival Horizon*. *Id.* One year prior—December 10, 2022—Ms. Beck was a passenger aboard the *Carnival Horizon*. *Id.* at ¶ 6. That same day, the vessel was docked at the embarkation port at the Port of Miami, where passengers including Ms. Beck embarked the vessel. *Id.* at ¶ 7. She was severely injured when she tripped and fell while walking down the gangway (i.e., stairs) of the vessel. *Id.* at ¶ 8. At the time of the incident, a crewmember was approaching her coming up from the opposite direction through the mass of disembarking passengers and carrying a folded wheelchair. *Id.* at ¶ 9. The crewmember allegedly did not wait nor give way to the disembarking passengers and Ms. Beck was forced to side-step Carnival's crew member as he came against the outflow of

disembarking passengers and directly in her path. *Id.* at ¶ 10. As she diverted from her path to avoid the crewmember, her foot hit the ramp's raised edge and caused her to fall down. *Id.* at ¶ 11



(*see* picture referenced). Ms. Beck alleges that the change in level and the tripping hazard of the edge on the gangway ramp was not open and obvious to her under the conditions and that she had no way of knowing the existence of the hazardous condition. *Id.* at ¶ 12. According to Ms. Beck, applicable industry standards and Carnival's own internal policies note that lips and rises in the edges like the one created in this instance are hazardous. *Id.* at ¶ 13. None of Carnival's other employees made an effort to stop passenger foot traffic during the incident. *Id.* at ¶ 14. Ms. Beck alleges that this forced passengers—who were all walking in the other direction—to have to dodge the employee and wheelchair being carried. *Id.* Ms. Beck asserts that Carnival was clearly aware of the hazardous condition caused by the edge in this walkway. *Id.* at ¶ 15. Ms. Beck's injuries were to her left knee, left arm, and left side of her body, generally. *Id.* at ¶ 16.

This four-count claim is for negligence, negligent maintenance of a hazardous condition, negligent failure to warn, and vicarious liability. Carnival's Motion to Dismiss pertains to Counts I, II, and II of Ms. Beck's Complaint.

## II. Issue

The Count that is *not* at issue is the one pertaining to vicarious liability (Count IV). The three Counts that pertain to negligence are the ones at issue. Carnival maintains that the three Counts should be dismissed because Ms. Beck failed to allege sufficient notice. Further, Carnival argues, to the extent that Count I is also attempting to allege a claim for negligent training and Count II is also attempting to allege a claim for negligent mode of operation, these claims should be dismissed.

## III. Analysis

Ms. Beck's first Count alleges that Carnival failed to meet the duty of reasonable care owed to passengers by (1) failing to provide a reasonably safe means of walking in public areas on Carnival's vessel, including its gangway; (2) improperly installing the ramp; (3) failing to provide safe passage for passengers boarding and disembarking the subject vessel; (4) failing to train crew members on the safe disembarkation of its passengers; and (5) other acts of negligence yet to be discovered. [D.E. 1] ¶ 18-20. It is Ms. Beck's position that Carnival either created the dangerous condition, had actual knowledge of the condition, or had constructive knowledge of it. *Id.* at ¶ 21. Further, as a direct and proximate result of Carnival's alleged negligence, Ms. Beck suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, and medical expenses. *Id.* at ¶ 22.

Carnival first counters that Ms. Beck fails to sufficiently allege notice of the dangerous condition. To state a claim for maritime negligence, a plaintiff must allege facts showing "(1) the

defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Under federal maritime law, the duty of care owed by a shipowner or cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). However, a carrier by sea "is not liable to passengers as an *insurer*, but only for its negligence." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

In *Moseley v. Carnival Corp.*, the Eleventh Circuit affirmed the District Court's granting of Carnival's Motion to Dismiss for failure to state a claim where the Plaintiff failed "to allege any facts that would support Carnival's actual or constructive notice of danger." 593 F. App'x 890, 893 (11th Cir. 2014). Ultimately, "[w]ithout any factual allegations to support this critical element, [the Plaintiff's] complaint raise[d] no more than a 'mere possibility of misconduct,' which is insufficient under *Iqbal* to withstand a motion to dismiss." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Eleventh Circuit recently reaffirmed the principle that, "to survive [a] motion to dismiss," the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). Mere "conclusory allegations" as to notice are not enough. *Id.* at 1095. In other words, the "*possibility* that [the Defendant] ha[s] constructive notice" is not enough. *Id.* at 1096. Allegations must "cross the line from possibility to plausibility of entitlement to relief." *Id.*

4

Here, Ms. Beck proceeds to argue that she adequately alleged notice. She points to the part in her Complaint where she explains that crew members were in the same area as the Plaintiff and that they were aware of the crowd on the gangway when an employee—while carrying a wheelchair— "plowed through and against the exiting passengers." The Complaint also included a photo of the gangway in question, and Ms. Beck asserts that this photo demonstrated that the elevated rise and lip of the gangway do not comply with either Defendant's known internal policies nor industry safety standards.

However, as Carnival argues, the allegations in Ms. Beck's are conclusory and speculative; they fail to cross the line from possibility to plausibility of entitlement to relief. The burden is on Ms. Beck to show that Carnival knew of the alleged dangerous condition before her incident. As Carnival notes, the alleged lack of warning signs in her Complaint *supports* Carnival's position regarding the lack of allegations supporting notice of the claimed dangerous condition (i.e., an allegedly raised edge of gangway ramp). Ms. Beck's reliance on "[a]pplicable industry standards and [Carnival's] own internal policies" to show notice is insufficient. No specific policy or standard that allegedly put Carnival on notice of the purported dangerous condition is noted. Further, the allegations that Carnival "set [the gangway] in place and that crew members were in the same area as Plaintiff and were aware of the crowd on the gangway" are not enough. They fail to provide a factual basis to support that crewmembers were aware of the claimed dangerous condition or even how the crewmembers would have known that the condition was dangerous.

### IV. Conclusion

In conclusion, the Court finds that Ms. Beck fails to adequately state a claim under Counts I, II, and II because the complaint contains only "fact-free, wholly conclusory, boilerplate

allegations" that Carnival knew or should have known about the allegedly dangerous condition. *Rosenberg v. NCL (Bahamas) Ltd.*, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023) (Scola, J.).

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. An answer is required as to Count IV by **June 28, 2024.**

DONE AND ORDERED in Chambers at Miami, Florida, this 10th of June 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record